United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60011
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LADAYTON WILLIAMS, also known as Daydemond,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CR-13-1
---------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Ladayton Williams appeals his sentence following his guilty
plea to conspiracy to possess with intent to distribute in excess
of 50 grams of crack cocaine, in violation of 21 U.S.C.
§§ 841(a)(1), (b)(1)(A) and 846. Williams argues that his
sentence violates United States v. Booker, 125 S. Ct. 738 (2005),
because the district court applied a sentence enhancement for
possession of a firearm that was neither admitted nor found by a
jury.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In <u>Booker</u>, the Supreme Court applied its holding in <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), to the federal sentencing guidelines and reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  The Court also excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the federal sentencing guidelines effectively advisory. <u>Id.</u> at 764-65.

Williams preserved a <u>Booker</u> issue for appeal by objecting in the district court based on <u>Blakely</u>.  See <u>United States v. Pineiro</u>, 410 F.3d 282, 285 (5th Cir. 2005).  The Government does not contest Williams's assertion that he did not admit the facts necessary for the firearm enhancement, and it concedes that error occurred because the sentence was based on a mandatory application of the sentencing guidelines.  The Government also concedes that it cannot meet its burden of showing beyond a reasonable doubt that error was harmless.  We agree and VACATE the sentence and REMAND for resentencing.  See <u>Pineiro</u>, 410 F.3d at 287.

VACATED AND REMANDED.